FILED
IN OPEN COURT

DEC 1 7 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:12CR 521 |
| | ) |
| CHAD DIXON, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Uzo

Asonye, Assistant United States Attorney, together with Jack Smith, Chief of the Public Integrity

Section of the Department of Justice, Eric L. Gibson and Anthony J. Phillips, Department of

Justice Trial Attorneys, the defendant, Chad Dixon, and the defendant's counsel have entered

into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of

the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a two-count criminal

information charging the defendant with wire fraud, in violation of Title 18, United States Code,

Sections 1343 and 2, and obstruction of an agency proceeding, in violation of Title 18, United

States Code, Sections 1505 and 2. The maximum penalties for Count 1 are a maximum term of

20 years of imprisonment, a fine of $250,000, full restitution, a $100 special assessment, and

three years of supervised release. The maximum penalties for Count 2 are a maximum term of

five years of imprisonment, a fine of $250,000, or twice the gross gain or loss, full restitution, a

$100 special assessment, and three years of supervised release. The defendant understands that

this term of supervised release is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the U.S. Sentencing Commission's Guidelines Manual ("Sentencing Guidelines").

3.    **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights, as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right to be represented by counsel – and if necessary to have the court appoint counsel – at trial and at every other stage of the proceedings; and

d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

2

**4.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the Sentencing Guidelines the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw his guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

Aside from the foregoing, the parties have no other agreements as to the application of the sentencing guidelines or applicable guideline factors.

### 5.     Waiver of Appeal, Venue, FOIA, and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above, or the manner in which any such sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.  This plea agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).  The defendant also understands that Federal Rule of Criminal Procedure 18 affords the defendant the right to have his offenses prosecuted in the district in which the offenses were committed.  Nonetheless, the defendant knowingly waives venue and consents to have the offenses set forth in the criminal information prosecuted in the Eastern District of Virginia.  The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6.     Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

4

### 7.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code,

Section 3613, whatever monetary penalties are imposed by the Court will be due immediately

and subject to immediate enforcement by the United States as provided for in Section 3613.

Furthermore, within 14 days of a request, the defendant agrees to provide all of his financial

information to the United States and the Probation Office and, if requested, to participate in a

pre-sentencing debtor's examination and/or complete a financial statement under penalty of

perjury. If the Court imposes a schedule of payments, the defendant understands that the

schedule of payments is merely a minimum schedule of payments and not the only method, nor a

limitation on the methods, available to the United States to enforce the judgment. If the

defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of

Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically

directs participation or imposes a schedule of payments.

### 8.    Restitution

Defendant agrees that restitution is mandatory pursuant to Title 18, United States Code,

Section 3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the

victims' losses. Pursuant Section 3663A(c)(2), the defendant agrees that an offense listed in

Section 3663A(c)(1) gave rise to this plea agreement and, as such, victims of the conduct

described in the charging instrument, statement of facts, or any related or similar conduct shall

be entitled to restitution.

The parties acknowledge that determination of the identities, addresses, and loss amounts

for all victims in this matter is a complicated and time consuming process. To that end,

defendant agrees, pursuant to Title 18, United States Code, Section 3664(d)(5), that the court

may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

**9.     Limited Immunity from Further Prosecution**

The Public Integrity Section of the United States Department of Justice and the United States Attorney's Office for the Eastern District of Virginia will not further criminally prosecute the defendant for the specific conduct described in the information or statement of facts.

**10.     Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

      a.     The defendant agrees to testify truthfully and completely at any grand juries, trials, or other proceedings.

      b.     The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

      c.     The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

      d.     The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

6

e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**11.    Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and

7

the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

### 12. Prosecution in Other Jurisdictions

The Public Integrity Section of the United States Department of Justice and the United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the Public Integrity Section of the United States Department of Justice and the United States Attorney's Office for the Eastern District of Virginia agree, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

### 13. Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

14.    **Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the

applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and

Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of

Criminal Procedure, if, in its sole discretion, the United States determines that such a departure

or reduction of sentence is appropriate. The defendant fully understands that the government

alone will determine whether to file a motion for downward departure. The defendant further

understands that as of the date of this agreement, it is the government's position that the

information defendant has provided does not constitute "substantial assistance" and does not

warrant a downward departure motion by the government.

15.    **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be

imposed in this case. The defendant agrees to forfeit all interests in any fraud-related or money

laundering-related asset that the defendant owns or over which the defendant exercises control,

directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or

a substitute for property that constitutes the proceeds of his offense, facilitating property, or

property involved in the offense including but not limited to the following specific property: a

sum of money equal to at least $17,091.07, representing the amount of proceeds obtained as a

result of the offenses alleged in the criminal information. The defendant further agrees to waive

all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal

or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for

such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

9

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

16.    **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.

17.    **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past three years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the

10

United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 18. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements,

11

and leads derived therefrom may be used against the defendant. The
defendant waives any right to claim that statements made before or after
the date of this agreement, including the statement of facts accompanying
this agreement or adopted by the defendant and any other statements made
pursuant to this or any other agreement with the United States, should be
excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),
the Sentencing Guidelines or any other provision of the Constitution or
federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in
an appropriate proceeding at which the defendant's disclosures and documentary evidence shall
be admissible and at which the moving party shall be required to establish a breach of the plea
agreement by a preponderance of the evidence. The proceeding established by this paragraph
does not apply, however, to the decision of the United States whether to file a motion based on
"substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal
Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The
defendant agrees that the decision whether to file such a motion rests in the sole discretion of the
United States.

19.    **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United
States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge
that no threats, promises, or representations have been made, nor agreements reached, other than
those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any

12

modification of this plea agreement shall be valid only as set forth in writing in a supplemental

or revised plea agreement signed by all parties.


Neil H. MacBride                              Jack Smith
United States Attorney                        Chief, Public Integrity Section
Eastern District of Virginia                  United States Department of Justice


By: _____              By: _____
Uzo Asonye                                    Eric L. Gibson
Assistant United States Attorney              Anthony J. Phillips
                                              Trial Attorneys

13

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the U.S. Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: _12-17-12_          _____
                          Chad D. Dixon


**Defense Counsel Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending criminal information. Further, I have reviewed Title 18, United States Code, Section 3553 and the U.S. Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _12/17/12_          _____
                          Nina J. Ginsberg, Esq.
                          Counsel for the Defendant

14