AO 245B (Rev. 09/11)( VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

IN OPEN COURT

SEP - 6 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA
v.

Case Number:   1:12CR00521-001

CHAD DIXON

USM Number:  81406-083

Defendant's Attorney:   Nina J. Ginsberg, Esquire

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 2 of the Criminal Information.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1343 and 2 | Wire Fraud | Felony | In or around April 2012 | 1 |
| 18 U.S.C. § 1505 and 2 | Obstruction of an Agency Proceeding | Felony | April 18, 2012 | 2 |

As pronounced on September 6th, 2013, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 6th day of September, 2013.

Liam O'Grady
United States District Judge

| Defendant's Name: | **DIXON, CHAD** |
|---|---|
| Case Number: | **1:12CR00521-001** |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHT (8) MONTHS as to each of Counts 1 and 2, to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:
      1) that the defendant be designated to a Federal Prison Camp close to Marion, Indiana, to be near family.

The defendant shall surrender for service of the sentence once designated by the Bureau of Prisons as directed by the U.S. Probation Office.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL


By        _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Defendant's Name: | DIXON, CHAD |
| Case Number: | 1:12CR00521-001 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to each of Counts 1 and 2, to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| Defendant's Name: | DIXON, CHAD |
|---|---|
| Case Number: | 1:12CR00521-001 |

# SPECIAL CONDITIONS OF SUPERVISION WERE NOT IMPOSED ON THE DEFENDANT

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

---

**Defendant's Name:** DIXON, CHAD
**Case Number:** 1:12CR00521-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $0.00 | $0.00 |
| | 2 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | | **$200.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.
The court waives the cost of prosecution, incarceration, and supervised release.

| | |
|---|---|
| **Defendant's Name:** | DIXON, CHAD |
| **Case Number:** | 1:12CR00521-001 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The defendant shall forfeit the defendant's interest in the following property to the United States:

SEE attached Consent Order of Forfeiture entered by the Court on September 6, 2013.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

IN OPEN COURT

SEP - 6 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12CR521 |
| | ) | |
| CHAD DIXON, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on December 17, 2012, Defendant Chad Dixon pled guilty to a two-count criminal information that included charging the defendant with wire fraud (Count One), in violation of Title 18, United States Code, Sections 3143 and 2, and pursuant to the defendant's plea, the defendant agreed to forfeit all of the defendant's interests in the property that is the subject of this order of forfeiture, and to the entry of an order of forfeiture concerning such property;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to discussion of forfeiture at the plea colloquy, notice of forfeiture in the charging instrument, and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The defendant forfeits to the United States the judgment sum of $17,091.07 representing the proceeds that the defendant obtained from the conduct to which the defendant pled guilty, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2):

U.S. v. Dixon, 1:12CR521
Consent Order of Forfeiture
Page 2 of 2

2. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P.

32.2(b)(4)(A).

3. The United States may move at any time, pursuant to Fed. R. Crim. P. 32.2(e), to amend

this Consent Order of Forfeiture to forfeit substitute property to satisfy the money judgment in

whole or in part.

Date: ___Sept 5, 2013___
       Alexandria, Virginia

_____/s/_____
Liam O'Grady
United States District Judge
United States District Court Judge

WE ASK FOR THIS:

For the United States of America, plaintiff

Neil H. MacBride
United States Attorney

By: _____
    Uzo Asonye
    Assistant United States Attorney

Jack Smith
Chief, Public Integrity Section
United States Department of Justice

By: _____
    Anthony J. Phillips
    Eric L. Gibson
    Trial Attorneys

For Chad D. Dixon, defendant

_____
Chad D. Dixon
Defendant

_____
Nina J. Ginsberg, Esq.
Counsel for the Defendant